IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| EDWARD L. HARDESTY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | NO. 2:03-CV-310 |
| | ) | |
| INTERNATIONAL STEEL GROUP, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Class Certification, filed on February 15, 2005. For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Plaintiffs, Edward L. Hardesty, Roger Scott, and William Ackors, filed suit against Defendants, International Steel Group, Inc. and International Steel Group, Indiana Harbor, Inc. (collectively "ISG"), on July 30, 2003. Plaintiffs allege they are third-party beneficiaries to an agreement between ISG and the United Steelworkers of America, AFL-CIO (the "Union"). In the agreement, ISG agreed to recall, in order of seniority, Union member employees "who were, on December 19, 2001, employees of LTV" to work at steel plants ISG had recently acquired. Plaintiffs allege ISG violated the agreement by

failing to hire them prior to hiring employees with less seniority. Plaintiffs filed the instant motion, originally seeking to certify a class of persons defined as:

> All persons employed by LTV at the Indiana Harbor Works in East Chicago, Indiana, on December 19, 2001, who did not receive 10-day letters or telegrams and who were not offered employment by ISG.

Recognizing this definition could be interpreted to cover many more individuals than intended, Plaintiffs proposed the two following alternative definitions in their reply to the instant motion:

> Alternative Class Definition A:
> All persons employed by LTV at the Indiana Harbor Works in East Chicago, Indiana, on December 19 2001, who did not receive 10-day letters or telegrams and who were not offered employment by ISG.  The class excludes all former LTV employees who were actually contacted by ISG concerning employment and who: (1) did not express interest in employment with ISG; or (2) expressed interest in employment but who did not comply with or did not complete the hiring process with ISG, including those persons who failed or refused drug tests, who failed to report to ISG after being contacted, and who failed physical examinations.
>
> Alternative Class Definition B:
> All persons employed at the LTV Indiana Harbor Works in East Chicago, Indiana, on December 19 2001, whose name appears on the list generated by ISG entitled "Unable to Contact - Terminated" ISG0358-0363, except those who: (1) were subsequently hired by ISG; (2) were actually contacted by ISG and did not express interest in employment; and (3) expressed interest in employment with ISG but did not comply with or did not complete the hiring process with ISG, including those persons who failed or refused drug tests, who failed to report to ISG after being contacted, and who failed physical

examinations.

These new definitions would cover 160 former LTV employees at most. The issues have been fully briefed and are ripe for adjudication.

DISCUSSION

"The Federal Rules of Civil Procedure provide the federal district courts with 'broad discretion' to determine whether certification of a class-action lawsuit is appropriate." *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998) (citations omitted). Under Rule 23, a determination of a class requires a 2-step analysis. First, the named plaintiffs must demonstrate the action satisfies the four threshold requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Fed. R. Civ. P. 23(a); *In re: Mexico Money Transfer Litigation*, 267 F.3d 743, 746 (7th Cir. 2001). Second, the action must "qualify under one of the three subsections of Rule 23(b)." Fed. R. Civ. P. 23(b); *Hardin v. Harshbarger*, 814 F. Supp. 703, 706 (N.D. Ill. 1993).

To meet the typicality requirement, the named-plaintiffs' claims must be "typical . . . of the class." *Keele*, 149 F.3d at 594 (quoting Rule 23). The typicality requirement attempts to ensure the named-plaintiffs' interests are substantially aligned with those of the absent class members. *Spencer v. Central States, S.E. & S.W. Areas Pension Fund*, 778 F. Supp. 985, 989 (N.D. Ill. 1991). If the class members' claims arise from the same events, practice, or conduct, and

-3-

are based on the same legal theory as those of other class members, the typicality requirement is usually satisfied. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992); *De La Fuente v. Stokely-Van Camp, Inc.,* 713 F.2d 225, 232 (7th Cir. 1983).

Typicality does not require complete identity of claims; rather, the inquiry should focus on whether the class members' claims have the same essential characteristics as those of the putative class. *De La Fuente*, 713 F.2d at 232. In general, if the claims arise from a similar course of conduct and share the same legal theory, factual differences will usually not defeat typicality. *Id.*

In the instant case, Plaintiffs contend their claims are typical of the class members' claims in a short, one-sentence argument. Plaintiffs contend "[t]he claims here of Plaintiffs['] and class members arise from the same conduct of Defendants in breaching the April 2002 Agreement." Pls.' Mem. in Supp. of Mot. for Class Cert., p. 10.

In response, Defendants argue Plaintiffs do not have claims or injuries representative of the class since each individual employee's seniority and position determined their eligibility for, and timing of, recall. Defs.' Resp. Mem. in Opp'n to Pls.' Mot. for Class Cert., p. 10.

At the outset, the Court notes that in addressing a motion for class certification, the requirements of commonality and typicality "tend to merge," as Plaintiffs correctly point out. *See Gen. Tel. Co.*

*of S.W. v. Falcon*, 457 U.S. 147, 157 n.13 (1982).  As the Seventh Circuit Court of Appeals has explained, "[t]he question of typicality in Rule 23(a)(3) is closely related to the preceding question of commonality."  *Rosario*, 963 F.2d at 1018.  In the instant case, while the Court finds the typicality requirement has not been met, this finding is necessarily intertwined with the commonality requirement as well.

Each potential class member's claim and/or injury will require a highly individualized analysis into each class member's entitlement to employment, back pay, and benefits.  Plaintiffs argue, with little evidentiary support, this analysis "is vastly overblown."  Plaintiffs argue ISG was able to accomplish the hiring at other facilities "without apparent problem."  Plaintiffs also imply Sally Buckner, ISG's labor relations manager, "simply" needs to assign a retroactive seniority date to each class member.  However, this argument ignores all the other steps in the process in determining the claim and/or injury to each class member.  In other words, assigning a retroactive date is easy once the investigation into all the other information is complete.  The problem is the investigation into all the other information is not so simple.  Furthermore, even after the date is determined, back pay and benefits must still be calculated, which will be different for each class member.

The evidence establishes it required hours of investigation to resolve the "out-of-order" grievances previously filed by the Union

for individual employees. For purposes of the instant motion, each employee must be reviewed to determine his former position and seniority. It must be determined whether his previous position exists, or if any of the newly created positions are similar. It must then be determined if the employee is entitled to employment. It must then be determined if there is a similarly situated employee, a process that would involve a detailed review of records and procedures. Also, determining if there is an employee who is similarly situated would not be such an easy (or objective) task as Plaintiffs suggest. Assuming such an employee can be found, a retroactive seniority date could then be assigned, and back pay and benefits would then need to be determined. Given the highly individualized inquiry necessary into each of the potential class member's claims, the Court finds the typicality and commonality requirements are not met. *See Sikes v. Teleline, Inc.*, 281 F.3d 1350, 1366 (11th Cir. 2002) (explaining "[t]hese claims will involve expensive individualized inquiries on the issue of injury and damages - so much so that a class action is not sustainable"); *Windham v. Am. Brands, Inc.*, 565 F.2d 59, 70 (4th Cir. 1977) (denying a motion for class certification because "placing such a burden [of determining individual damages] on already strained judicial resources seems unjustified"); *see also Wucsina v. Reliance Elec. Co.,* 129 F.R.D. 164, 167 (N.D. Ind. 1986) (concluding that the determination of whether an employee was entitled to severance required application of each

employee's unique factual circumstances to the relevant provision of the agreement, and therefore denied class certification); *Falcon,* 457 U.S. at 161 (rejecting plaintiffs' motion for class certification because purported class members' claims to employment required individual inquiries).

CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Class Certification is **DENIED**.

**DATED:  July 21, 2005**                              **S/RUDY LOZANO, Judge**
                                                       **United States District Court**